387 P.2d 93

**Hyde T. CLAYTON, Plaintiff and Appellant,**

**v.**

**SALT LAKE CITY, Salt Lake County, J. Bracken Lee et al., Defendants and Respondents.**

**No. 9903.**

Supreme Court of Utah.

Dec. 2, 1963.

---

Arthur A. Allen, Jr., Salt Lake City, for appellant.

Homer Holmgren, City Atty., Jack L. Crellin, Asst. City Atty., Grover A. Giles, County Atty., Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiff Clayton sues for himself and other taxpayers to prohibit defendants, Salt Lake City and County Commissions, operating as a Joint Authority, from proceeding with a contract to build a public safety and jail building, part of a new Hall of Justice complex, which the City and County are constructing.

On October 30, 1962, bids were asked and specifications published by the Joint Authority. Among bids received the lowest was by Herrick Iron Works for $542,-425; and the next lowest by Southern Steel Company for $597,000. After due consideration and study of the bids, the Joint Authority, on January 7, 1963, accepted the bid of Southern Steel.

The basis of plaintiff's complaint is that in letting a contract for the construction of a public facility the Joint Authority was obliged to accept the lowest bid.

Although this case was disposed of on summary judgment, the essential facts were before the court in the specifications, the affidavit of the architect, Harold K. Beecher, and of the engineer, Roy W. McLeese, for the Joint Authority; and in the opposing affidavit of Conrad Mader, equipment engineer and salesman for Herrick.

Sparing unnecessary detail, the positions of the parties as shown by these documents is in summary: the affidavit of Mr. Beecher and Mr. McLeese aver that Herrick's proposals do not conform to the published specifications in various ways; whereas Mr. Mader asserts that the specifications themselves have a general provision allowing substitute or alternative proposals if they are clearly indicated. The defendants' position is that even so, with Herrick's proposed substitutions, the construction would not be as good as that under the Southern Steel bid, some of which differences are:

Herrick proposed bars in the cells of $\frac{7}{8}$ inch;

Southern Steel: 1 inch steel bars; Herrick; a system of 198 motors to control cell door locks with a separate switch above each cell door within the security sections of the cell blocks; Southern: 19 heavier motors controllable from outside the cell blocks; Herrick: open bumper sliding doors; Southern: tongue and grooved T bar construction.

 Assuming that the proposals contained in the Herrick bid and its specifications were all within permissible variations, it does not follow, as plaintiff seems to insist, that the Joint Authority was bound to accept that bid solely because it was the lowest. Its responsibility was to accept that bid, which in its judgment, would provide the best possible facility for the money. Inherent in the nature of its duties and its presumed superior knowledge and expertese in performing them, the public authority must have a wide latitude in which to exercise its judgment as to the best means of accomplishing that objective. The court is reluctant to interfere with the administrative function and would do so only if facts were shown to indicate dishonesty, fraud, collusion or lack of good faith in performing the duty mentioned. That is not demonstrated here.

Accordingly it was within the prerogative of the Joint Authority to accept the bid of Southern Steel, even at a somewhat higher price, if it thought, as it insists it did, that it would construct a better facility and thus be the more prudent investment of public funds. See Schulte v. Salt Lake City, 79 Utah 292, 10 P.2d 625. The trial court correctly so ruled.

Affirmed. Costs to defendants (respondents).

HENRIOD, C. J., and McDONOUGH, CALLISTER, and WADE, JJ., concur.